■ In the Matter of EAST BAY DEVELOPMENT CORPORATION, Petitioner, v. FRANKLIN BEAR et al., Constituting the Nassau County Planning Commission, et al., Respondents.— Proceeding under CPLR article 78 to review the refusal of the respondent Nassau County Planning Commission to annul and cancel a certain declaration of restrictions on petitioner's property which was given in connection with an application to the commission for approval of a certain map. Petition granted, without costs, to the extent that the matter is remanded to the respondent commission for such action, if any, as it might wish to take in accordance with the following: In its decision the respondent commission apparently gave two grounds for its refusal to lift the restrictions in question: (1) there had not been such a change in circumstances as to warrant the annulment of the restrictions and (2) the commission approved of the position of the New York State Conservation Department that there was a danger of pollution because petitioner's cesspool would not be set back a minimum of 100 feet from the water's edge. As to this second ground, petitioner alleges that the documents it submitted to the commission demonstrated that it can in fact meet the 100-foot requirement and that, if it had been aware of the commission's strong reliance on the Conservation Department's policy, it would have clarified the data contained in its documents. While the commission undoubtedly had the authority to impose the restrictions in question here (*Matter of Lawrence County Estates* v. *Bear*, 26 A D 2d 771), in our opinion petitioner should be permitted to resubmit its proof to the commission in order to allow the commission to clear up the confusion that appears to exist as a result of its decision. If it should in fact appear on such resubmission, as petitioner contends, that the failure to meet the 100-foot policy was the commission's

sole objection to the lifting of the restrictions, and if petitioner can demonstrate to the commission's satisfaction that it can meet this 100-foot requirement, there would seem to be no reason why the restrictions should not be annulled and cancelled. Beldock, P. J., Christ, Brennan, Munder and Martuscello, JJ., concur.